IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**BRITNEY ENCINIAS,**

      **Plaintiff,**

      vs.                                                                               Civ. No. 20-1005 WJ/SCY

**JUSTIN SANDERS, CLAYTON
TRUJILLO, UBALDO HERNANDEZ,
ROBERT GONZALES, VICENTE
FERNANDEZ, JOHNNY TRUJILLO,
SHAWN ROSENBARKER, MARIANNA
VIGIL, and THE NEW MEXICO
CORRECTIONS DEPARTMENT,**

      **Defendants.**

## ORDER GRANTING MOTIONS TO STAY AND
## TAKING UNDER ADVISEMENT RULE 56(d) DISCOVERY REQUESTS

Plaintiff Britney Encinias alleges that while she was incarcerated at Springer Correction Center, corrections officer Justin Sanders raped her. Doc. 70 ¶¶ 13-19 (amended complaint). She further asserts that her allegation of rape was reported to a number of supervisors (Clayton Trujillo, Ubaldo Hernandez, Robert Gonzales, and Johnny Trujillo), officers with investigatory powers (Shawn Rosenbarker and Vicente Fernandez) and the warden (Mariana Vigil), but no action was taken against Defendant Sanders. Doc. 70 ¶¶ 21-22. She brings four counts in her amended complaint: (1) civil rights claims against Defendant Sanders; (2) Eighth Amendment claims against Defendants Clayton Trujillo, Hernandez, Gonzales, Fernandez, Johnny Trujillo, Rosenbarker, and Vigil; (3) tort claims against Defendants Sanders and the New Mexico Corrections Department ("NMCD"); and (4) First Amendment claims against Defendants Sanders, Clayton Trujillo, Hernandez, Gonzales, Fernandez, Johnny Trujillo, Rosenbarker, and Vigil. Doc. 70.

Three defendants (Fernandez, Trujillo, and Hernandez) filed motions for summary judgment as to Count II (Eighth Amendment claims), raising the defense of qualified immunity.[1] Docs. 42, 49, 50. At the same time, those Defendants also filed motions to stay discovery now that they have asserted the defense of qualified immunity. Docs. 44, 52. Plaintiff opposes the requested stays. Docs. 57, 61.[2] In response to the three pending motions for summary judgment regarding Count II, Plaintiff also requested additional discovery under Federal Rule of Civil Procedure 56(d). Docs. 55, 62, 63. Judge Johnson stayed briefing on the merits of the summary judgment motions, pending resolution of these discovery matters, but allowed Defendants to respond to Plaintiff's Rule 56(d) discovery requests. Doc. 71. Accordingly, Defendants Hernandez and Trujillo filed a reply in opposition to Rule 56(d) discovery.[3] Doc. 73. For the reasons set forth below, the Court grants the motions to stay Defendants Fernandez, Trujillo, and Hernandez have filed, subject to any Rule 56(d) discovery the Court allows. The Court will hear argument on all Rule 56(d) discovery motions pending before it on May 6, 2021.

---

[1] Two other dispositive motions are also pending: (1) Plaintiff's Motion to Dismiss Crossclaim (Doc. 22); and (2) NMCD's Motion for Judgment on the Pleadings as to Count II (Doc. 24). Those motions are fully briefed and no party asserts that more discovery is needed to properly respond to either motion. Accordingly, the Court will not discuss those pending motions in this order addressing discovery.

[2] Supervisory defendants (Clayton Trujillo, Hernandez, Gonzales, Fernandez, Johnny Trujillo, Rosenbarker, and Vigil) also recently filed a motion for summary judgment as to Count IV (First Amendment claims), raising the defense of qualified immunity (Doc. 78) and another motion to stay discovery pending resolution of their qualified immunity assertions (Doc. 79). Plaintiffs oppose both motions and the parties are currently briefing them. Although the motion to stay that is still being briefed is similar to the fully briefed motions to stay, it is possible that Plaintiffs may raise new arguments in their yet-to-be-filed briefs opposing a stay. Therefore, the present Order only relates to the motions to stay that have been fully briefed as of the date of this Order (Docs. 44 and 52).

[3] Prior to Judge Johnson entering his order staying briefing, Defendant Fernandez filed a reply to his motion for summary judgment, addressing both the merits and Plaintiff's Rule 56(d) discovery request. Doc. 64.

1. **Motions to Stay**

Supervisory defendants Fernandez, Trujillo, and Hernandez move to stay all discovery as to all claims and all defendants on the ground that they have raised the defense of qualified immunity. Docs. 44, 52. "[Q]ualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation. Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (internal citation omitted). Accordingly, in cases where qualified immunity is asserted in a dispositive motion, the movant is ordinarily entitled to a stay of discovery until the qualified immunity question is resolved. *See Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (reasoning that because qualified immunity is an entitlement not to face the burdens of litigation, "[e]ven pretrial matters such as discovery are to be avoided if possible"). Reaffirming its long-held view that discovery should be stayed when qualified immunity is asserted, the United States Supreme Court in *Ashcroft v. Iqbal*, reasoned as follows:

> The basic thrust of the qualified-immunity doctrine is to free officials from the concerns of litigation, including "avoidance of disruptive discovery" . . . There are serious and legitimate reasons for this. If a government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the government . . . .

556 U.S. 662, 685 (2009).

The Court sees no reason to depart from the general rule that once a defendant files a dispositive motion asserting qualified immunity, discovery must be stayed. Although only the supervisory defendants are asserting qualified immunity as to only two of Plaintiff's claims,

*Iqbal* holds that all discovery should be stayed upon the assertion of qualified immunity, even for those defendants not asserting the defense. *Iqbal*, 556 U.S. at 685.

Plaintiff opposes the stay, asserting that each summary judgment motion "is solely and entirely about the merits of Plaintiff's factual claims" and that "[n]ot every dispositive motion is a 'qualified immunity' motion just because someone wrote those words in the title." Doc. 57 at 1-2. Plaintiff further explains that "Defendants' summary judgment motions are not 'based on' qualified immunity, because they do not ask the Court to determine that qualified immunity protects them. Rather, their motions are based on ordinary principles of summary judgment." Doc. 62 at 2.

The Court disagrees. When an individual defendant raises the defense of qualified immunity on summary judgment, the burden shifts to the plaintiff to meet a strict two-part test. *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). The plaintiff must show that (1) the official violated a constitutional or statutory right and (2) the right was clearly established when the alleged violation occurred. *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002); *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009). A court may address these prongs in either order, *Pearson*, 555 U.S. at 236, but a plaintiff must satisfy both to avoid qualified immunity, *Olsen*, 312 F.3d at 1304. In their motions for summary judgment, Defendants focus on the first qualified immunity prong: whether the officials violated a constitutional right, which in this case is whether Defendants were deliberately indifferent to the alleged constitutional harm, considering both an objective and subjective component. *See* Doc. 42 at 13-16; Doc. 49 at 7-10; Doc. 50 at 8-10. That Defendants did not focus on the second prong (clearly established law) does not undermine their assertion of qualified immunity. Plaintiff carries the burden to show the right was clearly established at the time the alleged violation occurred and so

Defendants are not neglecting a burden they carry by not addressing this second prong. The Court agrees with Defendants that they raised qualified immunity and are entitled to a stay of discovery until that defense is resolved.

This stay, however, may not be absolute. The Court recognizes that "when qualified immunity is raised as a defense, there is a narrow right to discovery limited to the issue of qualified immunity." *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1387 (10th Cir. 1994). Such discovery, however, "must be tailored specifically to the immunity question." *Id.* (quoting *Workman*, 958 F.2d at 336). Indeed, in their motions to stay, Defendants do not propose to "restrict or limit the right of Plaintiff to file an affidavit pursuant to Rule 56(d), seeking limited discovery within the bounds of qualified immunity as established by case law." Doc. 44 at 1; Doc. 52 at 1. Plaintiff filed Rule 56(d) requests for limited discovery in response to the motions for summary judgment as to Count II, and the Court will address those requests separately to determine if limited discovery should be allowed specific to the question of qualified immunity.

For these reasons, the Court grants the motions to stay (Docs. 44, 52), pending resolution of the motions for summary judgment raising the defense of qualified immunity (Docs. 42, 49, 50).[4] The case management deadlines in the Court's Scheduling Order (Doc. 33) are vacated. Following resolution of the qualified immunity motions, the Court will set a status conference or issue an appropriate order to reset discovery deadlines, as needed.

---

[4] The stay does not extend to the specific documents defense counsel agreed to produce pursuant to the protective order, nor to Defendant NMCD's responses to Plaintiff's request for production served on February 5, 2021. As noted in the motion to stay, defense counsel agreed to produce these specific documents and does not seek to stay their production. Doc. 44 ¶ 4.

2. **Rule 56(d) Discovery**

As discussed above, three individual Defendants, Vicente Fernandez, Clayton Trujillo, and Ubaldo Hernandez, moved for summary judgment as to Count II, asserting the defense of qualified immunity. Docs. 42, 49, 50. In response to each motion, Plaintiff submitted a declaration under Federal Rule of Civil Procedure 56(d), requesting additional discovery. Docs. 55-1, 63-1, 62-1.

> Federal Rule of Civil Procedure 56(d), formerly Rule 56(f), provides that
>
> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declaration or to take discovery; or (3) issue any other appropriate order.

The non-movant has the burden to show that additional discovery is necessary. *Martin v. Cty. of Santa Fe*, 626 F. App'x 736, 740 (10th Cir. 2015). A Rule 56(d) declaration must meet four requirements. *Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir. 2010). First, the declaration must identify "the probable facts not available." *Id.* (citation omitted). Second, the declaration must state "why those facts cannot be presented currently." *Id.* That the movant has exclusive control over the needed information weighs in favor of Rule 56(d) relief; however, exclusive control is just one factor and does not grant automatic relief. *Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 783-84 (10th Cir. 2000). Third, the declaration must specify "what steps have been taken to obtain these facts." *Valley Forge Ins. Co.*, 616 F.3d at 1096 (citation omitted). And fourth, the declaration must explain "how additional time will enable [the party] to obtain those facts and rebut the motion for summary judgment." *Id.* "A party may not invoke Fed. R. Civ. P. 56[(d)] by merely asserting that discovery is incomplete or that specific facts necessary to oppose summary judgment are unavailable. Rather, the party must demonstrate precisely how additional discovery will lead to a

genuine issue of material fact." *Ben Ezra, Weinstein, & Co., Inc., v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000).

Additionally, in this case, because Defendants have now raised qualified immunity, "there is a strong policy justification for staying discovery and for refusing requests for additional discovery. . . ." *Gomez v. Martin*, 593 F. App'x 756, 740 (10th Cir. 2014). Plaintiff's burden under Rule 56(d) is "elevated in qualified immunity cases because officials have a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery," but "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Id.* at 760-61. Therefore, "[w]hen the summary judgment motion is based on qualified immunity, the non-movant's Rule 56(d) affidavit must also demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion." *Gutierrez v. Cobos*, 841 F.3d 895, 908 (10th Cir. 2016) (internal quotations omitted). In other words, "the plaintiff bears the burden of demonstrating how such discovery will raise a genuine fact issue as to the defendants' qualified immunity claim." *Martin*, 626 F. App'x at 740 (internal quotation omitted);

The declarations executed by Plaintiff's counsel state what probable facts are not currently available to Plaintiff (facts needed to rebut Defendants' material facts regarding Defendants' knowledge of Plaintiff's allegations against Sanders and their knowledge of prior misconduct allegations against Sanders), why those facts cannot be presented (because they are in Defendants' control), and what steps Plaintiff has taken to obtain these facts. However, the Court is not satisfied that Plaintiff has shown that *all* the discovery she requests is needed to raise a genuine issue of fact as to Defendants' qualified immunity claims. That is, Plaintiff's request for discovery is likely broader than what she needs to dispute the validity of Defendants'

qualified immunity assertions. Accordingly, the Court will take Plaintiff's Rule 56(d) discovery requests under advisement and hear this matter at the discovery hearing set for May 6, 2021.

**IT IS THEREFORE ORDERED** as follows:

1) Defendant Fernandez's Motion to Stay Discovery Based on Qualified Immunity (Doc. 44) and Defendants Hernandez and Trujillo's Second Motion to Stay Discovery Based on Qualified Immunity (Doc. 52) are GRANTED.

2) All the case management deadlines in the Court's Scheduling Order (Doc. 33) are VACATED. Following resolution of the qualified immunity motions as to Count II (Docs. 42, 49, 50), the Court will set a status conference or issue an appropriate order to reset discovery deadlines, as needed.

3) Plaintiff's Rule 56(d) discovery requests (Docs. 55-1, 63-1, 62-1) are TAKEN UNDER ADVISEMENT and will be heard at the discovery hearing set for May 6, 2021.

**STEVEN C. YARBROUGH**
**United States Magistrate Judge**