IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRITNEY ENCINIAS,

      Plaintiff,

vs.                          No. 20-CV-1005-WJ-SCY

JUSTIN SANDERS, CLAYTON TRUJILLO,
UBALDO HERNANDEZ, ROBERT GONZALES,
VICENTE FERNANDEZ, JOHNNY TRUJILLO,
SHAWN ROSENBARKER, MARIANNA VIGIL and
NEW MEXICO CORRECTIONS DEPARTMENT,

      Defendants.

## OPPOSED MOTION FOR SANCTIONS
## BASED ON VIOLATION OF COURT ORDERS

COMES NOW Defendant Ubaldo Hernandez, by undersigned counsel, pursuant to Fed.R.Civ.P. 26(c) and 37(b), and respectfully moves the Court to impose a just and appropriate sanction against Plaintiff for Plaintiff's violation of the Court's three Orders staying and then limiting discovery involving Defendant Hernandez, based on qualified immunity.

Undersigned counsel and counsel for the Plaintiff have exchanged correspondence in a good-faith attempt to resolve the dispute but are unable to do so, due to the nature of the dispute involving the respective jurisdiction of the federal court and the New Mexico state court, and disagreement as to whether Plaintiff violated the Court's Orders.

THE GROUNDS FOR THIS MOTION ARE AS FOLLOWS:

1.    On October 1, 2020, Plaintiff invoked the jurisdiction of the United States District Court for the District of New Mexico by filing her Complaint for Civil Rights Violations and Tort Claims [Doc. 1].

2.    Plaintiff thereby voluntarily subjected herself to the jurisdiction of the Court including the Court's plenary oversight and regulation of discovery pertaining to Plaintiff's claims.

3.    All counsel of record in this action are officers of the Court who are obligated to obey the Orders of the Court.

4.    Defendant Ubaldo Hernandez, whom Plaintiff sued in his individual capacity and who is represented by undersigned counsel, filed a Motion for Summary Judgment Based on Qualified Immunity as to Count II of Complaint on March 15, 2021. See Doc. No. 50. Defendant Hernandez, along with Defendants Fernandez, Gonzales, Rosenbarker, C. Trujillo, J. Trujillo, and Warden Vigil, also filed a Motion for Summary Judgment Based on Qualified Immunity as to Count IV on April 19, 2021. See Doc. 78. Defendant Fernandez filed a Motion for Summary Judgment Based on Qualified Immunity as to Count II on March 4, 2021 (Doc. 42) and Defendant C. Trujillo filed a Motion for Summary Judgment Based on Qualified Immunity on March 15, 2021 (Doc. 49).

5.    Contemporaneous with his summary judgment motion, Defendant Hernandez filed a Motion to Stay Discovery Based on Qualified Immunity on March 15, 2021. See Doc. 52. Similarly, the other individually-named Defendants also filed Motions to Stay Discovery Based on Qualified Immunity. See Docs. Nos. 44, 52, 79. Plaintiff opposed all the motions.

6.    In addition to representing of record all above-named individual Defendants from the outset, undersigned counsel also represents Defendant New Mexico Corrections Department ("NMCD"),

which filed its own Motion for Judgment on the Pleadings as to Count II. See Doc. No. 24, filed on February 5, 2021.

7.    In due course, the Court, both by Chief Judge Johnson and Judge Yarbrough, granted the various Motions to Stay Discovery, whereby discovery was stayed subject to the Court's future rulings on Plaintiff's Rule 56(d) declarations seeking specific discovery. See Order by Chief Judge Johnson [Doc. 80], filed April 22, 2021, and Orders by Judge Yarbrough [Doc. 88 and 93], filed May 7, 2021 and May 20, 2021, respectively.[1]

8.    In her Rule 56(d) declaration specifically pertaining to Defendant Ubaldo Hernandez and his Summary Judgment Motion, Plaintiff sought to discover and obtain specified documents, including the following documents:

- Defendant Hernandez's October 2018 timesheets;

- Complete shift logs for Holding and Housing Units 9 and 10 during Defendant Hernandez's term as swing-shift supervisor;

- Employee timesheets and overtime records for the year 2018.

See Declaration of Elizabeth A. Harrison [Doc. 62-1], ¶¶ f, g, h.

9.    On May 6, 2021, Judge Yarbrough conducted a Zoom hearing regarding Plaintiff's three Rule 56(d) discovery requests, including the one as to Defendant Hernandez, that lasted 3+ hours. See Clerk's Minutes, Doc. No. 89.    Subsequently, the Court memorialized its oral rulings made during the hearing [Doc. 89] and

---

[1] The plain and unambiguous meaning of the word "stay" is "to stand still; stop; halt." See Webster's New World Dictionary of the American Language (College ed., 2012).

issued an Order Regarding Rule 56(f) Discovery on May 20, 2021. See Doc. No. 94. In its written Order, the Court permitted Plaintiff to take a limited deposition of Defendant Hernandez as to certain specified topics, and denied Plaintiff's remaining requests including the requests for production set forth in ¶ 8, above:

> The Court denies the remaining Rule 56(d) discovery Plaintiff requests related to Defendant Hernandez (Doc. 62-1). This remaining discovery is overly-broad and is not specifically tailored to address the issues of qualified immunity pending before Chief Judge Johnson.

See Order [Doc. 94], at p. 3.

The Court set a July 5, 2021 deadline for the completion of the limited, court-ordered discovery. Id. at p. 5.

10. The parties complied with the Court's Order: Plaintiff took the deposition of Lt. Ubaldo Hernandez on June 24, 2021, and undersigned counsel served the responses to all court-ordered written discovery on July 2, 2021, as did Defendant Justin Sanders. See Certificates of Service, Docs. Nos. 100, 101.

11. On July 9, 2021, after the court-ordered deadline for completing the limited discovery had expired, Plaintiff submitted by e-mail a letter to Defendant NMCD, requesting the production of records related to Defendant Hernandez pursuant to the New Mexico Inspection of Public Records Act ("IPRA"). In her letter, Plaintiff requested NMCD to produce within the time limit set by IPRA "all employee timesheets, daily rosters, and any other Springer Correctional Center records that show the shifts, dates, and/or locations that Lt. Ubaldo Hernandez worked in that facility from September 28, 2018 to October 31, 2018." See Exhibit A-1.

-4-

12.    Despite the facts that (a) undersigned counsel represents NMCD, to whom Plaintiff's IRPA request for production was directed, (b) undersigned counsel represents Lt. Hernandez, the subject of the requested documents, and (c) the requested documents relate directly to the subject matter of the instant civil action, Plaintiff did not serve undersigned counsel with her request for production of documents, nor counsel for Defendant Sanders. Undersigned counsel learned about Plaintiff's IPRA request for documents related to his client by pure happenstance, when the NMCD Records Custodian decided on her own volition to email a copy to him.

13.    The motion at bar is directed solely at the July 9, 2021 IPRA request by Plaintiff. During the course of preparation of the motion, however, undersigned counsel has learned that Plaintiff previously submitted thirteen other IPRA requests for production to Defendant NMCD since Plaintiff initiated the instant civil action, none of which were served on or copied to undersigned counsel, and all of which relate to the action.    In effect, Plaintiff has created a one-sided, parallel discovery system that is outside the limits imposed by the Federal Rules of Civil Procedure, outside the Court's purview, and effectively outside the adversary process. Plaintiff thereby obtains documents and other items which she uses if they help her position, and disregards in secret if they do not. Respectfully, the Court should be concerned with such a situation, in the case at bar and in general.    For the reasons set forth in paragraph 16, below, the Supreme Court likely would not condone

such use of a state statute in a federal-court proceeding to supplement discovery, regardless of what a state court thinks.

14. In addition to requesting production of documents notwithstanding three separate Orders staying discovery, Plaintiff's IPRA request (Exhibit A-1) clearly seeks production of documents that the Court has ruled are not subject to discovery, to wit: timesheets and logs pertaining to Defendant Hernandez.

15. On that same day (July 9, 2021), Plaintiff also submitted an IPRA Request to Defendant NMCD for specified records related to Defendant Justin Sanders. Again, Plaintiff did not serve or copy counsel of record for Defendant Sanders. See Exhibit A-2.

16. The Freedom of Information Act is the federal equivalent of the New Mexico IPRA, allowing members of the public to obtain public records from the government. The Supreme Court consistently has held that the FOIA cannot be used to supplement discovery in civil actions filed in federal court. See, e.g., John Doe Agency v. John Doe Corp., 493 U.S. 146, 153 (1989); United States v. Weber Aircraft Co., 465 U.S. 792, 801-802 (1984)(citing cases); NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 143 n. 10 (1975) ("The Act [FOIA] is fundamentally designed to inform the public about agency action and not to benefit private litigants"); Fine v. United States Dep't of Energy, 830 F.Supp. 570, 575 (D.N.M. 1993) ("The Court is mindful of the concern that FOIA not be used to supplement civil discovery").

17. The principle summarized above should be the same regarding the New Mexico IPRA; however, the federal court cannot

interpret, control or enforce IPRA, unlike its control over the federal FOIA. The Court, though, can control the conduct of its officers in cases in which the officers appear before the Court.

18. Defendant has located two cases involving a plaintiff's use of IPRA to supplement discovery in an ongoing civil action in federal court. In <u>Lowe v. State of New Mexico ex rel. King</u>, 2011 U.S. Dist. LEXIS 165362, 2011 WL 13284675 (D.N.M. 2011), as here, the Court had stayed discovery. Approximately three months after the stay order had been entered, counsel for the Plaintiffs sent Defendants a request under IPRA "seeking information arguably relevant to the claims and defenses in [the federal] case." Defendants denied the IPRA request, and filed a motion for order to show cause why Plaintiffs had not violated the stay order by making the IPRA request. Magistrate Judge Garcia found that counsel's act had violated the Court's stay of discovery, and characterized it as "an improper end run to avoid the stricture of the federal court stay order. Indeed, [counsel] sought identical information which had been denied him at the Court's front door by a back door artifice." As a penalty--and with all due respect, not much of one--the Magistrate Judge ordered counsel to make a $150 donation to a charity of his choice.

In reviewing the Magistrate Judge's order, Judge Herrera observed--an observation that applies equally at bar--that by submitting an IPRA request, "Plaintiffs proceeded as if this lawsuit did not exist, requesting materials in the face of the Court's discovery stay and even contacting the opposing party

directly rather than contacting Defendant's counsel." See Lowe, supra, 2011 U.S. LEXIS 165362 at *3-5.

Apart from the paltry penalty--a $150 charitable donation--the Lowe case underscores the impotency of the federal court's action: Plaintiffs went on to file a lawsuit in state court alleging a violation of IPRA, and the state court awarded Plaintiffs approximately $20,000 in damages against the Defendants for not having produced the documents requested by Plaintiffs in violation of the federal court's stay order. Subsequently, Magistrate Garcia decided not to impose further sanctions on Plaintiffs, and Plaintiffs walked away from their willful "end run" disobedience of the court order with a tidy $20,000 profit, minus the $150.

19. In Shaw v. Granvil, 2016 U.S. Dist. LEXIS 199201 (D.N.M.), Judge Yarbrough found that Plaintiff's IPRA request made after the close of discovery--where no stay of discovery had been entered--was justified, because Plaintiff's IPRA request sought "material information that only came to light as a result of Defendant's deposition [taken after the close of discovery, per the Court's order extending discovery for purposes of the deposition]." See Shaw, supra, at *7-8. The Court also found that Defendant should have supplemented his previous interrogatory answers to provide the information, but that he failed to do so. The plaintiff in Shaw, unlike the Plaintiff in the case at bar, did not violate a stay of discovery, did not seek the same documents that the Court previously had ruled were not discoverable, and apparently did not attempt to hide her IPRA request from Defendant

-8-

(although she apparently used an incorrect mailing address).

20.    The question of an appropriate remedy is a vexing one in the case at bar.  Defendant NMCD cannot halt the IPRA production without incurring the substantial risk that the state court will find a violation of IPRA and impose damages and attorney's fees. So, are the filed Orders of Chief Judge Johnson and Judge Yarbrough nothing more than suggestions made to Plaintiff, to be followed or not followed at her choice?  Is the stay of discovery toothless? May officers of the Court ignore court-imposed stays of discovery and limitations with impunity, knowing that the state courts interpret IPRA exceedingly broadly and will award them damages, costs and attorney's fees if the Defendants themselves abort an IPRA production being made in violation of a federal court order?

Defendant respectfully requests that the Court should impose an appropriate and meaningful sanction for Plaintiff's violation and disregard of court orders, perhaps dismissal of the claims against Lt. Hernandez or an award of reasonable attorney's fees.

WHEREFORE, for the reasons set forth herein, Defendant respectfully moves the Court to impose a just and appropriate sanction against Plaintiff for her violation of the Court's Orders.

Respectfully submitted,

**LAW OFFICE OF MICHAEL DICKMAN**

By:  /s/ Michael Dickman
     **MICHAEL DICKMAN**
     Post Office Box 549
     Santa Fe, New Mexico 87504
     505-989-9360
     mikedickman@yahoo.com
     **Attorney for Defendant**
     **Ubaldo Hernandez**

-9-

## CERTIFICATE OF SERVICE

I certify that I caused copies of this motion
to be electronically served on
all counsel of record
at their respective email addresses as registered on CM/ECF
on the date of filing hereof

**/s/ Michael Dickman**
**MICHAEL DICKMAN**

-10-