IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRITNEY ENCINAS,

      Plaintiff,

      v.                                No. 1:20-CV-01005-WJ-SCY

JUSTIN SANDERS, CLAYTON TRUJILLO,
UBALDO HERNANDEZ, ROBERT GONZALES,
VICENTE FERNANDEZ, MARIANNA VIGIL,
and the NEW MEXICO CORRECTIONAL
DEPARTMENT,

      Defendants.

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO DISMISS

**THIS MATTER** comes before the Court upon Plaintiff's Motion to Dismiss Crossclaim

(Doc. 22), filed January 1, 2021, which also requests a declaratory judgment. Having reviewed

the parties' pleadings and the applicable law, this Court **DENIES** Plaintiff's Motion to Dismiss

the Crossclaim without prejudice.

## BACKGROUND

This suit stems from a series of alleged rapes of an inmate by a corrections officer.

Plaintiff was an inmate at Springer Corrections Center in Springer, New Mexico ("Springer").

Defendant Justin Sanders was a corrections officer at Springer and is accused of raping Plaintiff

in October of 2018. At all times relevant to the Complaint, Defendant New Mexico Correctional

Department ("NMCD") maintained the Springer facility; Defendant Clayton Trujillo was a

corrections officer; Defendant Ubaldo Hernandez was a shift supervisor; Defendant Vicente

Fernandez was a corrections officer with investigatory powers; Defendant Robert Gonzales was Chief of Security; and Defendant Marianna Vigil was the warden.

Defendants Trujillo, Hernandez, Gonzales, Fernandez, Vigil and NMCD filed a Crossclaim against Justin Sanders, which seeks declaratory judgment concluding that if the jury concludes that the material facts alleged in the Complaint occurred, Defendant Sanders was not acting within the scope of his duties as defined by the New Mexico Tort Claims Act. In other words, that the alleged rapes were not duties that NMCD "requested, required or authorized" Defendant Sanders to perform under NMSA 1978, § 41-4-3(G) and that Defendant Sanders was not acting under color of state law. As such, the Crossclaim requests a declaratory judgment that the State of New Mexico is not liable to pay any judgment entered against Defendant Sanders that is founded upon such acts.[1]

Plaintiff filed a Motion to Dismiss the Crossclaim, and requests that the Court instead enter declaratory judgment that Defendant NMCD must pay any judgment that Plaintiff obtains against Defendant Sanders because he was acting within the scope of his duties. Defendants concede that Plaintiff is a real party in interest to the Crossclaim and is entitled to litigate the issues raised therein.

## LEGAL STANDARD

The standard for evaluating whether a motion to dismiss under Rule 12(b)(6) can be granted is well established.  To survive a motion to dismiss, a complaint—or in this instance, a counterclaim—must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial

---

[1] Though Defendants requested a declaratory judgment in their Crossclaim, they did not motion the Court to rule on the matter. As such, the Court only addresses the Plaintiff's Motion to Dismiss in this Order. See Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion.").

plausibility when the party pleads factual content that allows the court to draw the reasonable

inference that the opposing party is liable for the misconduct alleged. *Id*. "Factual allegations

must be enough to raise a right to relief above the speculative level … , on the assumption that

all the allegations in the [counterclaim] are true (even if doubtful in fact)." *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555–56 (2007). A party's "obligation to provide the 'grounds' of his

'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Id.*, at 1964–65. When examining a counterclaim

under Rule 12(b)(6), a court is not bound to accept legal conclusions, couched as factual

allegations, as true. *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing

*Iqbal*, 556 U.S., at 678). Accordingly, in examining a counterclaim under Rule 12(b)(6), a court

"will disregard conclusory statements and look only to whether the remaining, factual allegations

plausibly suggest the defendant is liable." *Id.*, at 1191. In short, a party must "nudge [his] claims

across the line from conceivable to plausible" in order to survive a motion to dismiss." *Id.*, at

1190 (quoting *Twombly*, 550 U.S., at 570).

**DISCUSSION**

I.      *New Mexico Tort Claims Act*

Plaintiff requests that the Court dismiss Defendants' Crossclaim with prejudice and enter

declaratory judgment that NMCD "is liable to pay for any settlement or judgment of the claims

against Defendant Sanders." She argues that the Crossclaim is based on incorrect legal

conclusions of the New Mexico Tort Claims Act ("NMSA").

The Crossclaim does not assert many facts, but rather is a legal claim requesting a

declaratory judgment that if the jury finds that Defendant Sanders committed the alleged rapes,

they were committed outside the scope of Defendant Sanders's duties because "such acts are

expressly prohibited by the Department's Code of Conduct and policies, and also are expressly

prohibited by the criminal laws of the State of New Mexico, and, as a matter of definition, were

not duties or acts that the Department did, or could have, requested, required or authorized

Defendant Sanders to perform." Doc. 20, pgs. 10-11. Plaintiff is correct that this is a

misinterpretation of the law.

Under the New Mexico Tort Claims Act, a governmental entity must pay for judgments

against its employees who committed acts while acting within the scope of their duties. NMSA

1978, § 41-4-4(B), (C), (D). The acts themselves need not fall within the scope of duty; they only

must be committed while the employee was performing a duty that he was authorized to perform

by his employer. *Risk Mgmt. Div. v. McBrayer*, 129 N.M. 778 (2000). In other words, the inquiry

does not turn on whether the act itself was required by the employer, only whether it was

performed during the commission of an authorized duty. *M.S. v. Belen Consol. Sch. Dist.*, 275 F.

Supp. 3d 1276, 1279 (D.N.M. 2017).

It follows that willful, intentional, and criminal acts committed while an employee acted

within the scope of his duties can trigger the governmental entity's duty to pay. *Risk Mgmt. Div.,*

*Dep't of Fin. & Admin. v. McBrayer*, 129 N.M. 778, 783 (2000) (stating that the legislature

foresaw the possibility that employees could commit criminal acts incidental to the performance

of duties and "intended that those unauthorized acts would fall within the scope of duties");

*Narney v. Daniels*, 115 N.M. 41, 48 (Ct. App. 1992) (rejecting the notion that scope of duty

turned on the prior authorization or lawfulness of the underlying acts). "It is the duty, not the

tortious or criminal act, that triggers the state's obligations." *McBrayer*, 129 N.M. at 784. In

*McBrayer*, the New Mexico Court of Appeals rejected the argument that the scope of duty

cannot include criminal acts because the employer did not request, require, or authorize the

employee to torture, rape, assault, batter and attempt to murder the Plaintiff. *McBrayer*, 129

N.M. at 783-84. Such a finding, it found, would be an "absurdity" that ignored the provisions

and purpose of the NMSA. *Id.* at 784. It reasoned:

> [T]he reasonable inference drawn from Sections 41-4-4(E) and 41-4-17(A) . . . is
> that the legislature likely foresaw the possibility that a public employee could
> abuse the duties actually requested, required or authorized by his state employer
> and thereby commit malicious, even criminal acts that were unauthorized, yet
> incidental to the performance of those duties. And it is equally likely that the
> legislature intended that those unauthorized acts would fall within the scope of
> duties as defined in the TCA.

*Id*. at 783.

Therefore, Plaintiff is correct that the Defendants' Crossclaim does not accurately state

the law. However, Defendants contend that this Court cannot fully dismiss the Crossclaim on this

basis, as there remain questions of fact to be resolved by a jury. Defendants assert that it is for

the fact finder to decide whether Defendant Sanders's alleged criminal acts were performed

within the scope of his duties. They argue that the Court traditionally prefers this question to be

answered in the main litigation rather than in a separate declaratory judgment action. This is so

because if the jury finds the alleged acts did not occur, the indemnification and scope of duty

issue would become moot.

Whether an employee is acting within the scope of duties under the NMSA is a question

of fact and dismissing a claim on this basis is not appropriate unless only one reasonable

conclusion can be drawn from the facts presented by the nonmoving party. *See M.S. v. Belen

Consol. Sch. Dist.*, 275 F. Supp. 3d 1276, 1279 (D.N.M. 2017) (applying the standard to

summary judgment proceedings (citing *Celaya v. Hall*, 135 N.M. 115, 122 (2004)); *McBrayer*,

129 N.M. at 784 ("It is then for the fact finder to decide whether the criminal acts were done

while [Defendant] was acting within his scope of duty: while performing a duty that he was

Case 1:20-cv-01005-WJ-SCY   Document 132   Filed 11/22/21   Page 6 of 8

requested, required or authorized to perform by NMSU."); *Narney*, 115 N.M. at 48 ("Generally, whether an employee is acting in the court and scope of employment is a question of fact."). The question before this Court thus becomes whether the Defendants' Answer and Crossclaim assert facts that, as a matter of law, demonstrate that Defendant Sanders was acting within the scope of his duties. *See Henning v. Rounds*, 142 N.M. 803, 807 (N.M. App. 2007) ("[W]e ask whether, under any set of facts alleged in the complaint, Defendants' actions can be considered outside the scope of their duties and thus outside the coverage of the TCA.").

In its Answer to the Complaint, Defendants do not contest that:

- From approximately September 2018 to March 2019, Plaintiff was incarcerated at the Springer Correctional Center in Springer, New Mexico.

- Defendant NMCD has operated and maintained the Springer Correctional Center since 2007.

- Beginning on approximately June 18, 2016 and at all times relevant to the Complaint, Defendant Justin Sanders was employed by NMCD as a corrections officer at the Springer Correctional Center.

On the other hand, Defendants contest that any rape occurred along with the following facts:

- In October of 2018, Plaintiff was in custody and Defendant Sanders was posted in the holding area as his job assignment.

- Defendant Sanders approached Plaintiff while she was locked inside the holding cell.

- Defendant Sanders moved Plaintiff to a different cell in the holding area and left to perform a count and other duties.

- Defendant Sanders was allowed unsupervised control to Plaintiff later in 2018 when she was in the holding area and was permitted to "shake her down."

With so many material facts in dispute, the Court is not in a position at this stage to grant a motion to dismiss or to enter declaratory judgment. Whether or not NMCD must pay for Defendant Sanders's potential judgment depends on the jury finding that the rapes occurred. Moreover, while a narrow issue, the Crossclaim does not explicitly concede that Defendant Sanders was in the prison on the day of the incident in question or that he was on-duty, and therefore, it cannot be conclusively determined at this stage that any acts that occurred were performed within the scope of his duties. The Motion to Dismiss is premature and the Court is not interested in providing an advisory legal opinion regarding who should pay judgments if and only if the jury later determines that Defendant Sanders raped the Plaintiff and that the rape occurred while he was performing his authorized duties.

II.      *Section 1983 Claim*

The same analysis applies to Plaintiff's request that the court dismiss the § 1983 portion of the Counterclaim. Defendants assert that they are entitled to declaratory judgment that Defendant Sanders was not acting under color of state law under 42 U.S.C. § 1983. A defendant acts under color of state law when he exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941). State employment is generally sufficient to render the defendant a state actor. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 935-36 n.18 (1982). However, private conduct that is not "fairly attributable" to the State is not actionable under § 1983. *Rendell-Baker v. Kohn*, 457 U.S. 922 (1982). If an act is committed by a state employee in the performance of the employee's official duties, regardless of whether the employee oversteps his authorized duties, he will have committed an act "under color of state law" rather than a private action. *See Jojola v. Chavez*, 55 F.3d 488, 493 (1995).

For the same reasons, the Court cannot conclude based on the facts in the Answer and Counterclaim that Defendant Sanders was or was not acting under color of state law, which depends in part on a showing that he was performing his authorized duties.

Therefore, Plaintiff's Motion to Dismiss and request for declaratory judgment is hereby **DENIED** without prejudice.


**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE