IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRITNEY ENCINAS,

    Plaintiff,

    v.   No. 1:20-CV-01005-WJ-SCY

JUSTIN SANDERS, CLAYTON TRUJILLO,
UBALDO HERNANDEZ, ROBERT GONZALES,
VICENTE FERNANDEZ, MARIANNA VIGIL,
and the NEW MEXICO CORRECTIONAL
DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING NEW MEXICO CORRECTIONS DEPARTMENT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNT II

**THIS MATTER** comes before the Court upon Defendant New Mexico Corrections Department's Motion for Judgment on the Pleadings as to Count II (Doc. 24), filed February 5, 2021. Having reviewed the parties' pleadings and the applicable law, this Court **GRANTS** the Motion.

## BACKGROUND

This suit stems from a series of alleged rapes of an inmate by a corrections officer. Plaintiff was an inmate at Springer Correction Center in Springer, New Mexico ("Springer"). Defendant Justin Sanders was a corrections officer at Springer and is accused of raping Plaintiff in October of 2018. At all times relevant to the Complaint, Defendant New Mexico Correctional Department ("NMCD") maintained the Springer facility.

Defendant NMCD filed a Motion for Judgment on the Pleadings as to Count II of the Complaint based on failure to state a plausible claim for relief. Count II is a civil rights claim under 42 U.S.C. § 1983 against all of the Defendants, including NMCD, alleging that NMCD failed to take security precautions against Defendant Sanders and other officers who demonstrated a pattern of inmate sexual abuse. Plaintiff does not oppose the dismissal of this claim against NMCD on the basis that Defendant NMCD is not a "person" under § 1983.

## LEGAL STANDARD

The standard for evaluating whether a motion to dismiss under Rule 12(b)(6) can be granted is well established.  To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Mere labels, conclusions or "a formulaic recitation of the elements of a cause of action" do not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In ruling on a motion to dismiss, the Court will "disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

## DISCUSSION

Defendant NMCD asserts that it cannot be held liable under 42 U.S.C. § 1983 because states and arms of the states are not "persons" within the meaning of § 1983. Plaintiff agrees that NMCD, as a state entity, is not a person and therefore cannot be sued under § 1983.

The U.S. Supreme Court has made clear that states and arms of the states are immune from § 1983 suits. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); *Howlett v. Rose*, 496 U.S. 356, 365 (1990) ("[T]he State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under § 1983 in either federal court or state court."). Whether an entity is an "arm of the state" is a question of federal law, although that federal question can be answered only after considering provisions of state law that define the agency's character. *See Conner v. Rodriguez*, 2010 U.S. Dist. LEXIS 146996 at *5 (D.N.M. 2010).

Local governmental departments of the state are generally not considered persons for § 1983 purposes. *Id*. As such, corrections departments are routinely determined to not be persons under § 1983. *See Dodge v. Shoemaker*, 695 F. Supp. 2d 1127, 1134 (D. Co. 2010); *Sanders v. Nevada*, 2013 U.S. Dist. LEXIS 101977, at *11 (D. Nev. 2013); *Chacon v. Rice*, 2009 U.S. Dist. LEXIS 112996, at *4 (M.D. Fla. 2009); *Bowman v. Pa. Dep't of Corr.*, 2005 U.S. Dist. LEXIS 46662, at *10 (M.D. Pa. 2005). This Court and the Tenth Circuit have previously determined that the New Mexico Department of Corrections is not a person under § 1983. *See Gooden v. N.M. Dep't of Corr.*, 2017 U.S. Dist. LEXIS 26060, at *14 (D.N.M. 2017); *Blackburn v. Dep't of Corr.*, 172 F.3d 62, 1999 WL 94912, at *1 (10th Cir. 1999). Because there is no remedy against NMCD, the motion to dismiss Count II against NMCD for failure to state a claim is hereby **GRANTED**.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE