IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRITNEY ENCINAS,

    Plaintiff,

    v.      No. 1:20-CV-01005-WJ-SCY

JUSTIN SANDERS, CLAYTON TRUJILLO,
UBALDO HERNANDEZ, ROBERT GONZALES,
VICENTE FERNANDEZ, MARIANNA VIGIL,
and the NEW MEXICO CORRECTIONAL
DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT TRUJILLO'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT II BASED ON QUALIFIED IMMUNITY

**THIS MATTER** comes before the Court upon Defendant Clayton Trujillo's Motion for Summary Judgment as to Count II Based on Qualified Immunity (Doc. 49), filed March 15, 2021. Having reviewed the parties' pleadings and the applicable law, this Court **GRANTS** the Motion.

## BACKGROUND

This suit stems from a series of alleged rapes of an inmate by corrections officer Justin Sanders. During the time of the alleged incidents, Defendant Clayton Trujillo was a corrections officer. Parties do not agree on the scope of his supervisory duties within the prison.

Defendant Trujillo filed a Motion for Summary Judgment as to Count II of the Complaint. Count II is a Civil Rights Claim under 42 U.S.C. § 1983 against various Defendants,

including Trujillo, alleging that they had a duty to supervise Defendant Sanders, were aware of his pattern of sexual misconduct within the prison, and failed to report or prohibit him from directly supervising inmates. It also claims that they implemented and perpetuated customs within the facility that amounted to misconduct. In his Motion for Summary Judgment, Defendant Trujillo asserts a qualified immunity defense. Plaintiff filed an initial Response requesting additional discovery, which was granted. She then filed an amended Response. *See* Doc. 107.

## **LEGAL STANDARD**

### I. *Qualified Immunity*

Where an individual defendant asserts qualified immunity, the burden shifts: the plaintiff must come forward with sufficient evidence to show that the defendant violated a constitutional or statutory right, and that the right was clearly established at the time of the conduct. *McBeth v. Himes,* 598 F.3d 708, 716 (10th Cir. 2010). The Court may decide the issues in any order. *See Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009). As it pertains to the first prong, the Court will review the question of whether the defendant violated a constitutional right in light of the supported facts set forth by the Plaintiff. *See Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001) ("[W]e have reviewed the legal question of whether a defendant's conduct, as alleged by the plaintiff, violates clearly established law." (quoting *Medina v. Cram*, 252 F.3d 1124, 1130 (10th Cir. 2001)); *Malone v. Bd. of Cty. Commissioners for Cty. of Dona Ana*, No. 16-2222, 2017 WL 3951706 (10th Cir. Sept. 8, 2017).

### II. *Summary Judgment*

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Initially, the

moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *See Shapolia v. Los Alamos Nat'l Lab.*, 922 F.3d 1033, 1036 (10th Cir. 1993) (citations omitted). Once the moving party meets its initial burden, the nonmoving party must show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1991) (citation omitted). A fact is material if it could have an effect on the outcome of the suit. *Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 538 (10th Cir. 2014). A dispute over a material fact is genuine if the evidence presented could allow a rational jury to find in favor of the nonmoving party. *EEOC v. Horizon/CMS Heathcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). A court is to view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007).

## DISCUSSION

### I.   *Qualified Immunity*

Defendant Trujillo asserted that he is entitled to qualified immunity as a matter of law. As such, the burden shifts to Plaintiff to show that, viewing the facts in the light most favorable to her, the defendant violated a constitutional right, and that the right was clearly established at the time of the conduct. *See McBeth v. Himes*, 598 F.3d 708, 716 (10th Cir. 2010). The Tenth Circuit has determined that "it is clearly established that a prison official's deliberate indifference to sexual abuse by prison employees violates the Eighth Amendment." *Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2013). Therefore, the question is whether Plaintiff demonstrated that Defendant violated this right.

Parties base their arguments on the "deliberate indifference" prong of the Eighth Amendment. *Id.* ("[I]t is clearly established that a prison official's deliberate indifference to sexual abuse by prison employees violates the Eighth Amendment."). Supervisory corrections officers cannot be held liable for the actions of their subordinates under the theory of respondeat superior; rather, they must have personally displayed deliberate indifference to the risk of sexual abuse in the prison, whether committed by themselves or another officer. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009). Deliberate indifference is displayed when the officer knows of and disregards an excessive risk of constitutional harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The officer must be aware of facts from which the inference could be drawn that a substantial risk of constitutional harm exists and he must actually draw the inference. *Id*. An officer will not be held liable if he responded reasonably to the risk. *Id*. at 844. Although deliberate indifference is a subjective inquiry, it can be inferred that a prison official had actual knowledge of the constitutionally infirm condition based solely on circumstantial evidence, such as the obviousness of the condition. *Id.* at 842. "If the risk is obvious, so that a reasonable man would realize it, we might well infer that [the prison official] did in fact realize it." *Id.* (quoting 1 W. LaFave & A. Scott, Substantive Criminal Law, ' 3.7, at 335 (1986)). Inaction or failing to act in certain instances can be enough to show that the defendant knowingly created a substantial risk of constitutional injury when he fails to take reasonable steps to alleviate the known risk. *Keith v. Koerner*, 843 F.3d 833, 848 (10th Cir. 2016).

Plaintiff specifically cabins her argument to alleging that Defendant Trujillo's knowledge that Defendant Sanders had engaged in sexual misconduct with other inmates prior to Plaintiff's rapes shows that he disregarded risks that caused her rapes. *See* Doc. 107 pg. 4 ("Despite this dispute, Ms. Encinias notes that the date he learned of her allegations has little bearing on

whether he disregarded risks that caused the rape."); *id*. pg 6-8 (arguing that Defendant Trujillo knew of Defendant Sanders' reputation prior to the rapes). As such, the Court will only consider Defendant Trujillo's conduct leading up to the date of Plaintiff's alleged incident in determining whether he knew of and disregarded an excessive risk that Officer Sanders was sexually abusing inmates.

      The crux of Plaintiff's argument is that Defendant Trujillo was aware that Defendant Sanders was engaging in sexual misconduct prior to Plaintiff's rapes. She attempts to demonstrate this by pointing to affidavits and other evidence stating "[t]he allegations of misconduct were obvious and openly discussed in the facility, by both inmates and staff." Doc. 107 pg. 4. However, she points to no fact that Defendant Trujillo himself was aware of these allegations. Supervisory liability requires allegations of personal direction or actual knowledge. *Langley v. Adams County*, 987 F.2d 1473, 1481 (10th Cir. 1993). Conclusory allegations regarding deliberate indifference are insufficient. *Id*. This is so because "[a]n official's failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation." *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008). In this instance, Plaintiff has not demonstrated that Defendant Trujillo was aware of any risks. She points to no evidence that he was part of any conversation where allegations were openly discussed; nor does she point to any conversation between Defendant Sanders and Defendant Trujillo where the allegations were discussed. Trujillo's codefendants, contrarily, admitted to being aware of these allegations against Sanders, actively investigated them, and spoke with the alleged victims or Defendant Sanders about the claims. There is no evidence that Defendant Trujillo did any of these things. Additionally, none of the affidavits from these alleged victims

mention Defendant Trujillo. They only mention Defendants Sanders, Gonzales, and Fernandez. Doc 105 Ex. 3, 5, 8. Plaintiff notes that Defendant Trujillo's father was involved in two investigations into Defendant Sanders' conduct, however that does not prove that his son had knowledge of these instances. Doc. 107 pg. 4-5. She points to a cellphone call between Defendant Trujillo and Defendant Sanders that occurred on one of three days that inmate Duran, one of the alleged victims, was in the holding area. However, that does not amount to knowledge that Defendant Sanders acted inappropriately towards Duran.

Therefore, Plaintiff has not set forth supported facts sufficient to deny Defendant's request for qualified immunity on Count II. Thus, the Court **GRANTS** the request.

   II.   *Summary Judgment*

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Because Plaintiff has not set forth more than a conclusory allegation that Defendant Trujillo was aware of prior incidents of sexual misconduct and therefore failed to alleviate the risk that Defendant Sanders posed to Plaintiff, she has not stated a valid civil rights claim which requires proof of "deliberate indifference." Therefore, Defendant Clayton Trujillo's Motion for Summary Judgment as to Count II Based on Qualified Immunity is hereby **GRANTED**.

   **IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE