IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRITNEY ENCINAS,

    Plaintiff,

    v.                                                  No. 1:20-CV-01005-WJ-SCY

JUSTIN SANDERS, CLAYTON TRUJILLO,
UBALDO HERNANDEZ, ROBERT GONZALES,
VICENTE FERNANDEZ, MARIANNA VIGIL,
and the NEW MEXICO CORRECTIONAL
DEPARTMENT,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT HERNANDEZ'S MOTION FOR SUMMARY JUDGMENT AS TO COUNT II BASED ON QUALIFIED IMMUNITY

**THIS MATTER** comes before the Court upon Defendant Ubaldo Hernandez's Motion for Summary Judgment as to Count II Based on Qualified Immunity (Doc. 50), filed March 15, 2021. Having reviewed the parties' pleadings and the applicable law, this Court **DENIES** the Motion.

### BACKGROUND

This suit stems from a series of alleged rapes of an inmate by corrections officer Justin Sanders in 2018. During 2018, Defendant Ubaldo Hernandez was a shift supervisor at the Springer Corrections Center.

Defendant Hernandez filed a Motion for Summary Judgment as to Count II of the Complaint. Count II is a Civil Rights Claim under 42 U.S.C. § 1983 against various Defendants,

including Hernandez, alleging that they breached their duties to supervise Defendant Sanders and take reasonable steps to limit the dangers he posed to inmates. It asserts that they were aware of Defendant Sanders's pattern of sexual misconduct within the prison and failed to report him, curtail his behavior, or prohibit him from directly supervising inmates. It also claims that they implemented and perpetuated customs within the facility that amounted to misconduct. In his Motion for Summary Judgment, Defendant Hernandez asserts a qualified immunity defense.

## LEGAL STANDARD

### I. Qualified Immunity

Where an individual defendant asserts qualified immunity, the burden shifts: the plaintiff must come forward with sufficient evidence to show that the defendant violated a constitutional or statutory right, and that the right was clearly established at the time of the conduct. *McBeth v. Himes,* 598 F.3d 708, 716 (10th Cir. 2010). The Court may decide the issues in any order. *See Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1277 (10th Cir. 2009). As it pertains to the first prong, the Court will review the question of whether the defendant violated a constitutional right in light of the supported facts set forth by the Plaintiff. *See Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001) ("[W]e have reviewed the legal question of whether a defendant's conduct, as alleged by the plaintiff, violates clearly established law." (quoting *Medina v. Cram*, 252 F.3d 1124, 1130 (10th Cir. 2001)); *Malone v. Bd. of Cty. Commissioners for Cty. of Dona Ana*, No. 16-2222, 2017 WL 3951706 (10th Cir. Sept. 8, 2017).

### II. Summary Judgment

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact.

*See Shapolia v. Los Alamos Nat'l Lab.*, 922 F.3d 1033, 1036 (10th Cir. 1993) (citations omitted). Once the moving party meets its initial burden, the nonmoving party must show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1991) (citation omitted). A fact is material if it could have an effect on the outcome of the suit. *Smothers v. Solvay Chems., Inc.*, 740 F.3d 530, 538 (10th Cir. 2014). A dispute over a material fact is genuine if the evidence presented could allow a rational jury to find in favor of the nonmoving party. *EEOC v. Horizon/CMS Heathcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). A court is to view the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in favor of that party. *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007).

## **DISCUSSION**

*I.     Qualified Immunity*

Defendant Hernandez asserted that he is entitled to qualified immunity as a matter of law. As such, the burden shifts to Plaintiff to show that, viewing the facts in the light most favorable to her, the Defendant violated a constitutional right, and that the right was clearly established at the time of the conduct. *See Himes*, 598 F.3d at 716. The Tenth Circuit has determined that "it is clearly established that a prison official's deliberate indifference to sexual abuse by prison employees violates the Eighth Amendment." *Keith v. Koerner*, 707 F.3d 1185, 1188 (10th Cir. 2013). Therefore, the question is whether Plaintiff demonstrated that Defendant violated this right. Additionally, courts have recognized inadequate investigation as sufficient to state a civil rights claim when was another recognized constitutional right was involved. *See Hann-Noggle v. City of Albuquerque*, 2014 WL 12618193, at *4 (D.N.M. 2014). Thus, Defendant Hernandez's

alleged handling of the investigation into Plaintiff's allegations will be viewed in connection with the alleged violation of her right to be free from sexual abuse in the prison. *See Belt v. Federal Bureau of Prisons*, 336 F. Supp. 3d 428, 439 (D.N.J. 2018) ("Plaintiff has a constitutional right to be secure in his bodily integrity and free from attack by prison guards. Because Plaintiff has identified a recognizable constitutional right in connection with his failure to investigate claim, the Court will permit the failure to investigate claim to proceed against the Defendants.").

Parties base their arguments on the "deliberate indifference" prong of the Eighth Amendment. *See Koerner*, 707 F.3d at 1188 ("[I]t is clearly established that a prison official's deliberate indifference to sexual abuse by prison employees violates the Eighth Amendment."). Supervisory corrections officers cannot be held liable for the actions of their subordinates under the theory of respondeat superior; rather, they must have personally displayed deliberate indifference to the risk of sexual abuse in the prison, whether committed by themselves or another officer. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676-77 (2009). Deliberate indifference is displayed when the officer knows of and disregards an excessive risk of constitutional harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The officer must be aware of facts from which the inference could be drawn that a substantial risk of constitutional harm exists and he must actually draw the inference. *Id*. An officer will not be held liable if he responded reasonably to the risk. *Id*. at 844. Although deliberate indifference is a subjective inquiry, it can be inferred that a prison official had actual knowledge of the constitutionally infirm condition based solely on circumstantial evidence, such as the obviousness of the condition. *Id.* at 842. "If the risk is obvious, so that a reasonable man would realize it, we might well infer that [the prison official] did in fact realize it." *Id.* (quoting 1 W. LaFave & A. Scott, Substantive Criminal Law, ' 3.7, at

335 (1986)). Inaction or failing to act in certain instances can be enough to show that the defendant knowingly created a substantial risk of constitutional injury when he fails to take reasonable steps to alleviate the known risk. *Koerner*, 843 F.3d 833, 848 (10th Cir. 2016). Therefore, the Court will analyze whether Plaintiff has set forth facts supported by evidence to demonstrate that Defendant Hernandez knew of and disregarded an excessive risk that Officer Sanders was sexually abusing inmates.

Plaintiff alleges the following supported facts:

- In 2018, Defendant Hernandez was a shift supervisor which involved "supervising the entire compound, making sure everything's done." Part of his duties were to supervise the sergeants who reported back to him. Doc. 106 Ex. 1.

- Defendant Sanders was a corrections officer who sometimes worked on the same shift as Defendant Hernandez.[1] Doc. 106 Ex. 1, 5, 6, 16.

- As shift supervisor, Defendant Hernandez was required to make at least one "round" during his shift to check on the area and employees under his supervisor. He normally made the round "early" at the beginning of his shift so that it was completed by 4PM. He would usually spend the majority of his shift completing paperwork in his office. He interacted with Defendant Sanders for "a few minutes" per shift. Doc. 106 Ex. 1.

- Defendant Hernandez admitted to hearing from staff members about multiple allegations made by several female inmates against Defendant Sanders prior to Plaintiff's alleged rapes. Doc. 106 Ex. 1, 16.

---

[1] While Plaintiff alleges that Defendant Hernandez was the shift supervisor on the day of her alleged rapes, she points only to evidence of his routine working schedule and that he occasionally picked up overtime shifts. The Court accepts Plaintiff's supported facts as true for purposes of this Motion unless they are "blatantly contradicted by the record." *Scott v. Harris*, 550 U.S. 372, 378-81 (2007). In this instance, Defendant Hernandez's payroll sheet reflects that he was not working on October 28, 2018, which is the date of Plaintiff's alleged rapes. *See* Doc. 120 Ex. 3. The Court will therefore accept that fact solely for purposes of this Motion for Summary Judgment.

- Some of these alleged incidents occurred during Defendant Hernandez's shifts. See Doc. 105 Ex. 10; Doc. 106 Ex. 4-6, 19, 16.
- At least one of these alleged incidents occurred in the holding area, where Plaintiff's alleged rapes occurred. During that incident, while inmate Rebecca Duran was in the holding area, Defendant Sanders repeatedly entered her cell, threatened to spray her down with a hose, ripped her blanket off her body, and opened the food port and touched his genitals in front of her. Doc. 105 Ex. 10.
- Defendant Hernandez never referred any complaints for investigation. Doc. 50 Ex. 1.
- Defendant Hernandez never reprimanded Defendant Sanders. Doc. 106 Ex. 1.
- In September and October 2018, Defendant Hernandez was aware that Defendant Sanders was posted in the holding area, where Plaintiff's alleged rapes occurred. Doc. 106, Ex. 1. Defendant Hernandez was notified every time an inmate was placed in the holding area. *Id*.
- After an alleged incident with a different inmate in the holding area, Defendant Sanders was reassigned to the master control room. Doc. 106 Ex. 1; Doc. 105 Ex. 16. Defendant Hernandez knew that he had been reassigned involuntarily and that reassignments were not typical. *Id*. Defendant Sanders was later permitted to resume his post in the holding area. Doc. 106 Ex. 5. Defendant Hernandez did not take any action when Defendant Sanders returned to the holding area post. Doc. 106 Ex. 1.
- Plaintiff alleges that she was later raped in the holding area when she was left alone there with Defendant Sanders. Doc. 105 Ex. 3.

- Defendant Sanders informed Defendant Hernandez about Plaintiff's allegations against him. Doc. 106 Ex. 2. Defendant Hernandez took no action to report these allegations or discipline Sanders. Doc. 50 Ex. 1.

Plaintiff has set forth sufficient facts supported by affidavits and evidence to demonstrate that Defendant Hernandez violated her Eighth Amendment right to be free from his deliberate indifference to sexual abuse within the prison. Had Defendant Hernandez been aware of these prior incidents of sexual misconduct—and, indeed he admitted to being aware of Sanders' reputation— and failed to properly supervise or otherwise curtail Sanders' behavior, his actions could have led to Plaintiff's alleged constitutional violation regardless of whether Defendant Hernandez was working on the day of her rapes. If true, these prior incidents of Defendant Sanders' appalling sexual abuse of vulnerable inmates amount to more than mere "gossip" or "scuttlebutt" as Defendant argues. As such, his argument for qualified immunity fails.

## II.  *Summary Judgment*

Summary judgment is appropriate if, viewing the evidence in the light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In this instance, there are many disputes of material facts. Parties dispute whether Defendant Hernandez had personally observed or was otherwise aware of Defendant's Sander's misconduct of other inmates that allegedly occurred prior the incidents in question. Parties also dispute whether Defendant Hernandez responded appropriately to information he received on these incidents—namely by failing to report, reprimand, or more closely supervise Defendant Sanders. As such, they dispute whether his alleged inaction in responding to prior sexual misconduct within the prison paved a way to Plaintiff's alleged rapes.

Therefore, Defendant Ubaldo Hernandez's Motion for Summary Judgment as to Count II Based on Qualified Immunity is hereby **DENIED**.

**IT IS SO ORDERED.**

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE