IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRITNEY ENCINIAS,

    Plaintiff,

vs.                                                  Civ. No. 20-1005 WJ/SCY

JUSTIN SANDERS, CLAYTON
TRUJILLO, UBALDO HERNANDEZ,
ROBERT GONZALES, VICENTE
FERNANDEZ, JOHNNY TRUJILLO,
SHAWN ROSENBARKER, MARIANNA
VIGIL, and THE NEW MEXICO
CORRECTIONS DEPARTMENT,

    Defendants.

## ORDER SETTING SETTLEMENT CONFERENCE

In an effort to facilitate a final disposition of this case, a mandatory settlement conference will be conducted in accordance with the provisions of the Federal Rules of Civil Procedure 16(a)(5) on **Friday, April 15, 2022**, beginning at **9:00 a.m.**, by Zoom video conference.[1] The Court has set aside four hours for this settlement conference. However, the Court expects the participants to keep their schedules open the entire day of the conference should the Court deem it necessary to continue negotiations.

---

[1] The invitation to the Zoom meeting will be filed as a separate docket entry and will be viewable only by the parties. Counsel are responsible for ensuring that each of their settlement conference participants have the information necessary to participate in the settlement conference by Zoom. The Court asks that all settlement conference participants log in to the Zoom conference five minutes prior to the starting time in case there are any technical issues that need to be addressed prior to the conference.

**REMINDER: Recording or broadcasting of this conference is prohibited.** *See* D.N.M.LR-Civ. 83.1.

All corporate or governmental entities shall appear by a representative **with full and final authority** to discuss and enter into a binding settlement (this requirement cannot be satisfied by hiring a local representative if the appropriate representative resides in another state). *See* D.N.M.LR-Civ. 16.2(c). An excusal request for a required participant must be made in writing seven calendar days before the conference. *See* D.N.M.LR-Civ. 16.2(d).

No later than the date set forth at the end of this Order, Plaintiff(s)' counsel shall serve on Defense counsel a letter that sets forth at least the following information: (a) a brief summary of the evidence and legal principles that Plaintiff(s) assert will allow it to establish liability; (b) a brief explanation of why damages or other relief would appropriately be granted at trial; (c) an itemization of any claimed special damages – i.e., damages for pecuniary losses, such as past medical expenses, lost wages, or property damages – that states the exact dollar amount Plaintiff(s) are claiming for each category; and (d) a settlement demand. At the same time, counsel also must provide the Court a copy of this letter.

No later than the date set forth at the end of this Order, Defense counsel shall serve on Plaintiff(s)' counsel a letter that sets forth at least the following information: (a) any points in Plaintiff(s)' letter with which the defense agrees; (b) any points in Plaintiff(s)' letter with which the defense disagrees, with references to supporting evidence and legal principles; and (c) a settlement offer.[2] If a release is contemplated, Defense counsel shall include a proposed form of release with its counteroffer. If Defendant(s) disagree with the amount of special damages Plaintiff(s) have claimed, Defendant(s)' counteroffer must state the dollar amount Defendant(s) believe to be correct for each category. For example, if Plaintiff(s) claim $1,000 in past medical

---

[2] The settlement offer must be definite, meaning that it must state a single amount with no variables. For example, a settlement offer that lists a set amount of money "and attorneys' fees" is unacceptable.

expenses, and Defendant(s) believe the correct amount of past medical expenses is $500, Defendant(s)' letter must clearly state that Plaintiff(s)' past medical expenses amount to $500. It is insufficient to merely say, "Defendant(s) disagree that Plaintiff(s) have $1,000 in past medical expenses." Defense counsel must provide the Court a copy of this letter when it serves it on Plaintiff(s)' counsel.

If a dispute about special damages exists, counsel shall (1) meet in person or telephonically before the settlement conference to try to resolve the dispute (an exchange of emails or correspondence is insufficient) and (2) if the dispute cannot be resolved, counsel must bring all documentation supporting his or her position on special damages to the conference.

Each of these letters typically should be seven pages or fewer, and counsel must ensure that each participant reads the opposing party's letter before the settlement conference. If settlement authority for Defendant(s) is provided by a committee, Defendant(s) must ensure that the committee has considered the points raised in Plaintiff(s)' letter in determining final settlement authority. Those attending the settlement conference and reviewing the letters exchanged must treat as confidential the information discussed, positions taken, and offers made by other participants in preparation for and during the conference.[3]

No later than the date set forth at the end of this Order, each party must provide me, in confidence, a concise letter (typically no more than 10 pages) that shall contain a brief summary of the facts; analysis of the applicable law, including evidentiary issues; strengths of the case; weaknesses of the case; status of discovery; identification of any pending motions; an outline or itemization of damages or relief requested; status of settlement negotiations to date; and the

---

[3] This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law. Fed. R. Evid. 408(b); D.N.M.LR-Civ. 16.2(e).

names of the individuals who will be attending the conference and in what capacity. A party's confidential letter must not be a mere restatement of the letter served on opposing counsel. All matters communicated to me in the confidential letter will be kept confidential and, unless authorized by the party submitting the letter, will not be disclosed to any other party, or to the trial judge. After the Court receives the letters, it may call the parties separately.

Furthermore, if any party has in its possession any video or audio recordings of the incident upon which this action is based, that party must send me a copy of the recording at least **ten calendar days** before the conference.

When sending the above-described letters to the Court, the parties may do so by facsimile (505-348-2275) or by electronic mail (yarbroughproposedtext@nmd.uscourts.gov). It is not necessary to send an original if the statement is sent by facsimile or electronic mail.

In the days immediately preceding the settlement conference, if either party believes that negotiation attempts would not be fruitful at the time set for the conference for any reason (e.g. insufficient discovery or a need to wait on the resolution of a dispositive motion), the parties should contact chambers to schedule a status conference to discuss the concern.

IT IS THEREFORE ORDERED as follows:

| | |
|---|---|
| **Plaintiff's letter due to Defendants and Court:** | Monday, March 28, 2022 |
| **Defendants' letter due to Plaintiff and Court:** | Thursday, March 31, 2022 |
| **Confidential letters due to Court:** | Tuesday, April 5, 2022 |

IT IS SO ORDERED.

*/s/ Steve Yarbrough*
UNITED STATES MAGISTRATE JUDGE